**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:18-cr-00597 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| JESSE L. TEMPLETON, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | (Resolving Doc. 82) |
| | ) | |

This matter is before the Court on the *Motion for Sentence Reduction, Modification and Resentencing Pursuant to 18 U.S.C. § 3582(c)(2) and the 2025 amendments* (Doc. 82) (the "Motion") filed by Defendant Jesse Templeton ("Templeton").  The United States of America filed the *Government's Response in Opposition to Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 84).

For the reasons stated below, the Motion is DENIED.

## I.       BACKGROUND

In 2018, a federal grand jury charged Templeton with Count One: Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C); and Count Two: Possession of a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A)(i). Doc. 1. A jury found Templeton guilty on both counts. Doc. 30.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSR"). Doc. 34, p. 6-7.  The PSR indicated Templeton had a total offense level of 24 for Count One and a criminal history category of III, therefore the advisory guideline range for Count One was 63-78 months.  Doc. 34, p. 7-10. The

1

guideline range for Count Two was a term of imprisonment required by statute, 60 months to be served consecutively to any other sentence imposed. Doc. 34, 7.

On April 4, 2019, the Court sentenced Templeton to 63 months as to Count One and 60 months as to Count Two, to be served consecutively.  Doc. 38. Templeton's minimum release date is October 25, 2027.

On November 1, 2025, the United States Sentencing Commission issued Amendment 833. Templeton seeks retroactive application of Amendment 833 to reduce his sentence.

## II.    LAW AND ANALYSIS

### A.  Legal Standard

A defendant that has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment.  18 U.S.C. § 3582(c)(2).  Templeton asserts that pursuant to the November 1, 2025 Sentencing Guideline changes ("2025 Amendments") he qualifies for a minor role adjustment under Amendment 833, and therefore" his guideline range would be reduced because the drug table and role-adjusted offense levels are now lower." Doc. 82, p. 2.

Pursuant to 18 U.S.C. §3582(c)(2):

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§ ] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. §3582(c)(2). The applicable policy statement here allows sentence reductions only based on certain amendments that were made retroactive by the Sentencing Commission. 18 U.S.C. Appx

§ 1B1.10(a)(1), (d) (the "Policy Statement"); *Clemons v. United States*, 102 F. App'x 933, 935

(6th Cir. 2004).

> But Amendment 833 is not listed at U.S.S.G. § 1B1.10(d), the Sentencing Commission policy statement enumerating amendments that can support a sentence reduction. See U.S.S.G. § 1B1.10(a)(1), (d). Retroactive application of Amendment 833 is therefore not consistent with the policy statements of the Sentencing Commission and cannot serve as the basis for a sentence reduction pursuant to § 3582(c)(2). See, e.g., *United States v. Polanco-Gonzalez*, 2026 U.S. Dist. LEXIS 11587, 2026 WL 179682, at *1 (S.D.N.Y.); *United States v. Leones*, 2025 U.S. Dist. LEXIS 255245, 2025 WL 3537608, at *2 (M.D. Fla.).

*United States v. Singh*, 2026 U.S. Dist. LEXIS 26904, *5-6 (N.D. OH). Accordingly, Templeton

is ineligible for a sentencing reduction under 18 U.S.C. §3582(c)(2), and his motion is DENIED.

## III.    CONCLUSION

For the reasons stated above, the *Motion for Sentence Reduction, Modification and*

*Resentencing Pursuant to 18 U.S.C. § 3582(c)(2)* (Doc. 82) is DENIED.

Date:   April 2, 2026                                  */s/ John R. Adams*
                                                        JOHN R. ADAMS
                                                        UNITED STATES DISTRICT JUDGE

3